IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM A. REDMOND | : | |
| | : | |
| v. | : | CIVIL NO. CCB-04-1973 |
| | : | |
| THE BLACK & DECKER MEDICAL PLAN | : | |
| | : | |

...o0o...

**<u>MEMORANDUM</u>**

The defendant in this case has filed a motion to enforce a settlement agreement. The plaintiff has opposed this motion, and has filed his own motion to dismiss the case voluntarily, pursuant to Fed.R.Civ.P. 41(a)(2).[1]

After considering the applicable law on the enforcement of settlement agreements, *see Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535 (4th Cir. 2002), I will deny the defendant's motion without prejudice at this time. Although the court has the inherent power to enforce a settlement agreement, it can do so summarily only where there is no factual dispute that the parties reached complete agreement on ascertainable terms and conditions. *Id.* at 540-41. The court cannot make such a finding here. It is not clear from the parties' descriptions of the settlement negotiations whether there was ever a meeting of the minds between the parties as to the same version of the agreement. For example, it is not clear whether the defendant's modified agreement of August 3, 2005 constituted an acceptance of an offer by the plaintiff (i.e. to sign a version of the June 3 agreement with his wife's name removed), or rather a counteroffer. In such circumstances, the court would have to hold a plenary evidentiary hearing prior to enforcing a

---

[1] Each motion was accompanied by a motion to seal exhibits; both will be granted.

1

settlement agreement.  *Id.* at 541 (when a factual dispute arises over "the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*," but must conduct a plenary evidentiary hearing in order to resolve the dispute) (emphasis in original).

I will likewise deny plaintiff's Rule 41(a)(2) motion, also without prejudice.  In this regard, the defendant is invited to indicate its position, via motion or letter, as to what additional conditions should be imposed on any voluntary dismissal by the plaintiff, considering that the plaintiff has already agreed the dismissal would be with prejudice.[2]  *See* Fed.R.Civ.P. 41(a)(2) (dismissal is granted only upon "order of the court and upon such terms and conditions as the court deems proper"); *Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993); *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987) ("In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.").  Of course, the parties also maintain the option of signing one of the existent versions of the settlement agreement (Def.'s Mot. to Seal, Ex. 3; Pl.'s Mot. to Seal, Ex. A), or of devising another mutually acceptable resolution to this case.

A separate Order follows.


_____March 30, 2006___                          _____/s/_____
       Date                                     Catherine C. Blake
                                                United States District Judge


_____

        [2] At the same time, the plaintiff may wish to consider what would be gained through such a voluntary dismissal that would not be gained through accepting the defendant's settlement.

2