IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM A. REDMOND | : | |
| | : | |
| v. | : | CIVIL NO. CCB-04-1973 |
| | : | |
| THE BLACK & DECKER MEDICAL PLAN | : | |
| | : | |

...o0o...

## MEMORANDUM

After considering the parties' recent filings, I have decided to dismiss this case with prejudice. My ruling of March 30, 2006, *inter alia*, denied without prejudice the plaintiff's motion to dismiss the case voluntarily and requested additional information. Unbeknownst to the court at that time, Mr. Redmond had apparently filed a separate lawsuit against the Black & Decker Corporation and several of its officers in state court in November 2005, and sent a copy of the complaint to *The Daily Record*, a local news outlet. In February 2006, he signed a version of the proposed settlement agreement and demanded payment; according to the defendant, however, he had already violated the terms of the agreement by filing and publicizing this separate lawsuit.[1] (*See* docket entry no. 45.) Furthermore, having never informed the court that he signed a settlement agreement, Mr. Redmond has attempted to proceed with this litigation by filing a "Line Withdrawing Plaintiff's Request to Have Case Dismissed." The plaintiff has not contested any aspect of this account.

---

[1] The court takes judicial notice of an article in *The Daily Record* on June 6, 2006, which notes that Mr. Redmond failed to appear in state court on the day of the proceedings, and that Baltimore County Circuit Court Judge Kathleen G. Cox dismissed the action, finding that it was filed with the "intent to harass Black & Decker." Daniel Ostrovsky, "Judge Dismisses Suit, Finds Intent to Harass B&D," *The Daily Record (Baltimore)*, June 6, 2006, at 1B.

1

In light of the plaintiff's inequitable conduct, I find it appropriate to grant his motion to dismiss the case with prejudice. The plaintiff's "Line Withdrawing Plaintiff's Request to Have Case Dismissed" will accordingly be denied.

In addition, the court has the inherent power to dismiss an action under appropriate circumstances. *See U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 461-63 (4th Cir. 1993). Considering the relevant factors enunciated in *Shaffer*, especially the degree of the plaintiff's culpability in abusing legal process, the extent of his blameworthiness, and the prejudice to the defendant, this alternative course of action would be warranted here as well.[2]

A separate Order follows.[3]

|  |  |
|---|---|
| June 15, 2006 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[2] I also note that issues relevant to the plaintiff's actions apparently have been, or will be, addressed in the state court proceedings.

[3] The court expresses its sincere appreciation to Mr. Madden and Ms. Subar for their service thus far in representing the plaintiff in this action. They are under no further obligation to represent Mr. Redmond beyond the present dismissal of the litigation at the trial court level.

2